**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAFAEL PIEDRAHITA,

Plaintiff,

v. Case No. 6:25-cv-733-RBD-DCI

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; and ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

---

# ORDER

Before the Court is Defendants' motion to dismiss. (Doc. 14.)

## BACKGROUND

In this immigration case, Plaintiff is a Colombian citizen who entered the United States as a non-immigrant visitor. (Doc. 1, ¶ 10; Doc. 14, p. 1.) After Plaintiff remained in the country without authorization, the U.S. Department of Homeland Security ("DHS") placed Plaintiff in removal proceedings. (Doc. 14, pp. 1–2.) An Immigration Judge ("IJ") ordered Plaintiff to be removed in December 2007 but granted him—his then-wife, and his child withholding of removal. (*Id.* at 2.)

Plaintiff later divorced and, in 2019, married a U.S. citizen. (*Id.*) He then initiated the adjustment-of-status process under 8 U.S.C. § 1255(a) to seek lawful

permanent resident status. (*Id.* at 5.) In June 2020, his wife filed a Petition for Alien Relative ("Form I-130") on Plaintiff's behalf that was approved by U.S. Citizenship and Immigration Services ("USCIS"). (Doc. 1, ¶ 12; Doc. 14, p. 2.) In April 2021, Plaintiff filed an Application to Register Permanent Residence or Adjust Status ("Form I-485"). (Doc. 1, ¶ 14; Doc. 1-1.) USCIS denied his I-485 in September 2021, finding that: (1) if an applicant is in removal proceedings, only the IJ has jurisdiction, unless the applicant is an arriving alien (in which case USCIS has jurisdiction); and (2) Plaintiff was not an arriving alien, so USCIS did not have jurisdiction. (Doc. 1-1, pp. 2–4.)

In 2024, on a joint motion by Plaintiff and U.S. Immigration and Customs Enforcement, the IJ reopened and dismissed Plaintiff's removal proceedings. (Doc. 1, ¶ 16; Doc. 14, p. 2.) Plaintiff requested that USCIS reopen and adjudicate his I-485 application in light of the terminated removal proceedings (Doc. 1-2, pp. 2–3), but received no response (Doc. 15, p. 3). So Plaintiff sued, requesting that the Court review the denial of his I-485 or compel Defendants to adjudicate it. (Doc. 1, ¶ 9.) The Government now moves to dismiss. (Doc. 14.) Plaintiff opposes. (Doc. 15.) The matter is ripe.

**STANDARDS**

A defendant may move to dismiss a plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A facial attack requires that courts

determine whether, taking the plaintiff's factual allegations as true, the complaint sufficiently alleges subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

**ANALYSIS**

The Government argues that this Court lacks subject-matter jurisdiction over this action. (Doc. 14.) The Court agrees.

The Administrative Procedure Act ("APA") provides jurisdiction for judicial review of agency action except where other statutes preclude such review. *See* 5 U.S.C. § 701(a)(1). One such statute is the Immigration and Nationality Act ("INA"), which precludes judicial review of denials of applications for adjustment of status under § 1255. *See* 8 U.S.C. § 1252(a)(2)(B)(i). The INA's preclusion of district court jurisdiction[1] prohibits review of "*any* judgment *regarding* the granting of relief under § 1255." *Patel v. Garland*, 596 U.S. 328, 338 (2022) (encompasses judgments "of whatever kind under § 1255"). This prohibition extends beyond the review of removal proceedings themselves. *See* 8 U.S.C. § 1252(a)(2)(B) (jurisdictional bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings").

[1] In addition to the APA, the INA also strips jurisdiction under Plaintiff's other asserted bases for subject matter jurisdiction: federal question, mandamus, and declaratory judgment. (Doc. 1, ¶¶ 5–6, 23); *see Mata v. Sec'y of DHS*, 426 F. App'x 698, 699 (11th Cir. 2011); *Bessenyei v. U.S. DHS*, No. 05-22177-CIV, 2006 WL 8433899, at *4 (S.D. Fla. Mar. 1, 2006).

Here, it is undisputed that Plaintiff was subject to a removal order at the time of USCIS's original decision on the I-485. (Doc. 14, p. 2; Doc. 15, pp. 2–3.) As Plaintiff concedes, this means the IJ had exclusive jurisdiction to adjudicate Plaintiff's application, not USCIS. (*See* Doc. 15, p. 6); 8 C.F.R. § 1245.2(a)(1). There, the inquiry must end because this Court lacks jurisdiction to hear challenges to removal orders. *See Navas v. Mayorkas*, No. 8:22-cv-617, 2023 WL 2477614, at *7 (M.D. Fla. Mar. 13, 2023) (§ 1252(a)(2)(B) precludes review of denials of I-485 applications); *Vernitus v. Acting Sec'y, DHS*, No. 6:20-cv-1998, 2021 WL 9408910, at *5 (M.D. Fla. Feb. 25, 2021) (seeking to compel USCIS to readjudicate Form I-485 is indirect challenge to removal order). So the relief sought—reviewing USCIS's denial of Plaintiff's Form I-485 or compelling Defendants to adjudicate it—is an impermissible challenge to the removal order the Court lacks jurisdiction to adjudicate.

Plaintiff's arguments to the contrary are unavailing. He argues that USCIS legally erred under its own regulations by accepting his application for processing and denying it instead of administratively closing the file, but such questions of law must be taken up with the court of appeals, not the district court. (Doc. 15, p. 7); *see Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1309 (11th Cir. 2025). And he argues that pattern-and-practice claims are carved out of jurisdiction-stripping statutes, but his claim on its face is individualized, not pattern-and-practice.

(Doc. 1, ¶ 9; Doc. 15, pp. 10–14); *see Commandant v. Dist. Dir.*, No. 21-10372, 2024 WL 3565390, at *5 (11th Cir. July 29, 2024) (no jurisdiction where individualized relief sought); *Zheng v. Chertoff*, No. 8:07-cv-1749, 2008 WL 2229671, at *5 (M.D. Fla. May 28, 2008) (plaintiff cannot "evade Section 1252's bar by characterizing his claims as a challenge not to the CIS decision to deny his application but rather to CIS's procedure in adjudicating his application"); *cf. Tefel v. Reno*, 180 F.3d 1286, 1297 (11th Cir. 1999).

Because § 1252(a)(2)(B) bars review of denials of adjustment of status applications in federal district courts, the Court lacks subject matter jurisdiction.[2]

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Government's motion to dismiss (Doc. 14) is **GRANTED**.
2. This case is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction without leave to amend.
3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 29, 2026.

---

[2] Because the Court is dismissing Plaintiff's claims for lack of jurisdiction, it need not rule on whether Plaintiff failed to state a claim. *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983).

ROY B. DALTON, JR.
United States District Judge